# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| JACOBY ANTWON THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV215-083 |
| ) | CR210-054 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **AMENDED REPORT AND RECOMMENDATION**

Movant Jacoby Antwon Thomas was incarcerated at the Federal Correctional Institution in Coleman, Florida, when he moved, through counsel, to vacate a four-level firearm trafficking enhancement on July 7, 2015. *See* doc. 130[1] (Motion to Vacate Sentence); doc. 134 at 1 (Report and Recommendation, issued July 19, 2016, recommending denial of the motion to vacate). He argued that, were the Court to find in his favor, the applicable advisory sentencing guidelines range would have been reduced from 84 to 105 months' imprisonment (resulting in a 92-month sentence) to only 63 to 78 months' imprisonment. Doc. 130 at 8. Thus, Thomas' anticipated release date of April 29, 2017, could have

---

[1] The Court is citing to the criminal docket in CR210-054 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

been advanced to (as little as) time served. *Id*. Objections to the Report and Recommendation, which rejected his arguments on the merits (*see* doc. 134), have been pending since August 5, 2016. Doc. 136.

Meanwhile, Thomas served out his enhanced sentence and was released on April 28, 2017. *See* www.bop.gov/inmateloc/. And because he has been released from prison, the Court can no longer provide him the primary relief sought in his habeas petition.[2] 28 U.S.C. § 2255. The

---

[2] "A habeas petitioner who has been released from imprisonment subsequent to his filing a [§ 2255 motion] must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." *Mattern v. Sec'y for Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998). After a prisoner is released, "some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

"When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that 'a wrongful criminal conviction has continuing collateral consequences' sufficient to satisfy the injury requirement" and constitute a viable case or controversy. *United States v. Wilson*, 525 F. Supp. 2d 691, 694 (D. Del. 2007) (citing *Spencer*, 523 U.S. 1). This presumption *does not* apply, however, when (as here) a prisoner challenges only the length of his sentence, not some aspect of the conviction itself. *Bailey v. United States*, 2013 WL 4851679 at *5 (N.D. Ala. Sept. 10, 2013) ("Mr. Bailey does not attack the validity of his guilty plea; he challenges only the length of his sentence. Consequently, because [he] has been released from prison, the Court can 'no longer provide him the primary relief sought in his habeas petition.' Accordingly, Mr. Bailey's challenge to his sentence is moot.") (cites omitted); *Guzman v. United States*, 2007 WL 1821698 *1 (S.D.N.Y. June 26, 2007) ("Since the petition is directed at his sentence, not his conviction, and thus there is no 'collateral consequence' . . . the petition should be dismissed as moot."); *see also*

challenge to his sentence is therefore moot and the Court no longer has jurisdiction over the proceeding. *See, e.g., North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("'Moot questions require no answer.' Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'") (cites omitted). The case should therefore be **DISMISSED** for lack of jurisdiction.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

*Davis v. United States*, 2004 WL 1488371 *4 (S.D.N.Y. July 1, 2004) ("Because Davis has been released from prison and subsequently deported, the Court can no longer provide him the primary relief sought in his habeas corpus petition. His challenges to his sentence are therefore moot, and must be dismissed.").

Thomas will be on supervised release for three years, *see* doc. 114 (judgment), which normally would provide this Court a continuing injury to invoke its jurisdiction. But movant did not challenge the guilty plea or conviction themselves -- he challenged *only* the 4-level enhancement that added time to the length of the custodial sentence, which has already been served. Thus, the Court can "no longer provide him the primary relief sought in his habeas petition" and his challenge (to the gun trafficking enhancement that increased the *length* of his sentence) is moot.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __10th__ day of May, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA