FILED
John E. Triplett, Acting Clerk
United States District Court

By mgarcia at 1:46 pm, Oct 09, 2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

JACOBY ANTWON THOMAS

Case No. 2:10cr054-1

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of is reduced to . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☐ FACTORS CONSIDERED (Optional)

☒ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

Thomas requests reconsideration of its previous Order dismissing without prejudice his motion for compassionate release for failure to exhaust his administrative remedies. In his initial motion, Thomas asks the Court to waive the exhaustion requirement. Dkt. No. 158 at 1. In his reply, Thomas asserts that, as of August 25 or 26, 2020, thirty days have elapsed since he submitted a reduction-in-sentence ("RIS") request to the Bureau of Prisons ("BOP"). Thomas did not attach the RIS request. The Court concluded it was unable to ascertain whether a valid request was submitted or the reasons upon which Thomas based his request and denied his motion without prejudice. Now Thomas requests reconsideration of the Court's order and attaches his RIS request and the Warden's denial. The RIS request is dated July 26, the day

*before* Thomas's motion to this Court dated July 27.  See Dkt. Nos. 158 at 6; 162 at 2.  Indeed,

his supplemental filings show that his motion to the Court was premature in that he did not wait

the requisite thirty days for the BOP to respond to his request before filing the motion.

Accordingly, the Court AFFIRMS its previous Order and DENIES Thomas's motion for

reconsideration.  Within the Warden's denial are instructions for Thomas to appeal the Warden's

decision.  Thomas must fully exhaust his administrative remedies—including the appeal

process—with the BOP before filing a motion with the Court.

IT IS SO ORDERED.

Dated: October 9, 2020

_____
UNITED STATES DISTRICT JUDGE